BOLIN, Justice
(concurring in part and dissenting in part in case no. 1070487).
I concur in all aspects of the majority opinion except Part VII concerning the payment of the special-master fee.
A. Lee Miller III served as chief of the legal division of the Department of Finance from January 1987 to September 2003. After resigning from the Department of Finance in 2003, Miller became “of counsel” to the law firm Jemison, Mendel-sohn & James, P.C. (“the Jemison firm”), which represented Southdale, LLC, in this litigation.
Shortly before the trial in this case, the project participants (other than Bobby N. Bright, who had had a summary judgment entered in his favor on the basis of State-agent immunity) filed a joint motion to disqualify the Jemison firm from representing Southdale, alleging that an impermissible conflict of interest existed because it appeared that Miller had provided legal advice regarding the purchase of Joy Shelton’s property during his employment with the Department of Finance. The project participants also sought to disqualify the law firm of Spain & Gillon, LLC, from representing Wheeler/Phillips because the attorneys in that firm had allegedly worked closely with Miller and because Miller had furnished documents to them while he was at the Jemison firm. The project participants also asked that the plaintiffs’ claims against them be dismissed as a sanction for the violation of the Alabama Rules of Professional Conduct in relation to Miller’s participation in the litigation. In the alternative, the project participants asked that any and all records or files of the plaintiffs’ attorneys be sequestered and reviewed by a special master before they could be reviewed by any new counsel hired by the plaintiffs.
Following two hearings, the trial court granted the motion to disqualify both Southdale’s and Wheeler/Phillips’s counsel and appointed a special master “to oversee the transfer of files and other materials from disqualified counsel to replacement counsel for the Plaintiffs in this case.” Wheeler/Phillips filed a petition for a writ of mandamus with this Court, requesting an order directing the trial court to vacate its order disqualifying Spain & Gillon. On May 18, 2007, this Court granted Wheeler/Phillips’s petition and issued the writ. Ex parte Wheeler, 978 So.2d 1 (Ala.2007). Southdale did not seek mandamus review, and it obtained new counsel. The case then proceeded. It is undisputed that in reviewing the documents, the special master found that no materials or information had been acquired by the Jemison firm because of Miller’s employment.
On November 2, 2007, the trial court entered an order requiring, among other things, that Southdale and Wheeler/Phillips pay the special master $28,198.74. On November 13, 2007, Wheeler/Phillips filed a motion to alter, amend, or vacate the November 2, 2007, order regarding the special-master fee on the ground that the trial court’s order appointing a special master was for the “purpose of overseeing ‘the orderly transfer of discovery and other materials .from disqualified counsel, hereinafter “former counsel,” to replacement counsel for the Plaintiffs in this case.’” Wheeler/Phillips argued that because the order appointing the special *1103 master existed only to facilitate the disqualification order, and because this Court granted Wheeler/Phillips’s petition and issued the writ vacating the trial court’s disqualification order as to its law firm, the special master reviewed no documents from Wheeler/Phillips’s counsel. On November 20, 2007, the trial court amended its order to require Southdale to pay all the special-master fee.
I believe that the trial court’s order is unjustly harsh and that in entering it the trial court exceeded its discretion, given that the project participants’ motion to disqualify and to appoint a special master was filed on the eve of trial when the case had been pending for two years and substantial discovery had. already occurred. Also, the Jemison firm argued at the hearing on the motion to disqualify that no documents had been acquired because of Miller’s previous employment with the Department of Finance, and, indeed, the special master'found that no such documents were found. Additionally, counsel for at least one of the project participants knew of Miller’s previous employment a year before the joint motion was filed. I recognize that the deference to which a trial judge’s decision is entitled in awarding special-master fees imposes a heavy burden to overcome. However, I believe the trial court here exceeded its discretion in requiring Southdale to pay the special-master fee in its entirety.